WATKINS, Judge.
This is an appeal brought by the First Guaranty Bank, Tangipahoa Parish, from a judgment of the District Court upholding a decision of the Louisiana Board of Review of the Office of Employment Security which held that Marie Kimble, a former employee of that Bank, was not disqualified from unemployment benefits under LSA-R.S. 23:1601(2). We reverse.
It appears that Ms. Kimble was head of the credit card section of the appellant bank. By her own admission, she agreed to advance five hundred dollars to a former bank employee who had used his credit up to the credit limit on his credit card. Three hundred dollars of this advance was placed in the borrower’s checking account, with the said borrower’s understanding that Ms. Kimble would place the remaining two hundred dollars in her own account for her own use until the first of the month, when she would pay the said borrower back. For doing this, Ms. Kimble was dismissed from employment. She applied for unemployment compensation.
Under LSA-R.S. 23:1601(2), an employee may be denied unemployment compensation if he was discharged for misconduct connected with his employment. It appears that Ms. Kimble was properly discharged for misconduct, as she in effect received consideration in return for making an advance or loan. Regardless of her knowledge of banking rules, her conduct was patently improper and she should have known that it was.
Findings of the Board of Review as to facts are conclusive if supported by sufficient evidence and in the absence of fraud. Benward v. Gerace, 370 So.2d 660 (La.App. 4th Cir. 1979). The record contains no findings of fact by the Board of Review in the present case, and clearly its determination by implication that Ms. Kimble was not properly dismissed for misconduct flies in the face of her own representation of her conduct.
Accordingly, the judgment of the trial court is reversed, and Ms. Kimble’s claim is denied.
REVERSED.